UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JONATHAN REYES-BENITEZ,

     Petitioner,

v.

     No. 1:26-CV-276-H

ROBERT CERNA, et al.,

     Respondents.

## **ORDER**

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Jonathan Reyes-Benitez, a native and citizen of El Salvador, is one such alien, having illegally entered the United States over six years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his immediate release based on the Fifth Amendment's Due Process Clause. Dkt. No. 1.

However, due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Reyes-Benitez are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are either meritless or otherwise indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue

an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

### 1.    Background

In May 2020, Reyes-Benitez illegally entered the United States. Dkt. No. 1 at 6. On May 7, 2026, he was taken into custody by ICE pending the outcome of his removal proceedings. *Id.* at 2. Reyes-Benitez is held without bond and neither requested nor received a bond hearing. *Id.* That is because the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).[1]

Reyes-Benitez filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states a single claim for relief: that his detention violates his right to procedural due process under the Fifth Amendment's Due Process Clause. *Id.* at 11–12. Since his detention in May 2026, he has remained in custody at the Bluebonnet Detention Center in Anson, Texas. *Id.* at 11.

### 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[1] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. 813 F. Supp. 3d 692 (N.D. Tex. 2025). After hearing oral argument on the issue, the Ninth Circuit issued a stay pending appeal of the Central District's class-certification order, final judgment, and post-judgment vacatur of *Yajure Hurtado* on March 31, 2026. *See Maldonado Bautista v. EOIR*, Nos. 25-7958 & 26-1044, Dkt. No. 17 at 4 (9th Cir. Mar. 31, 2026). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Reyes-Benitez's petition does not present an exhaustion problem. *Id.*

Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

**3.     Analysis**

As noted above, Reyes-Benitez's petition seeks relief as a matter of procedural due process.  Dkt. No. 1 at 11–12.  The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[2]  Even so, the Court considers the arguments raised in Reyes-Benitez's petition to address whether he is entitled to release on any of his claims.  The answer is no.

As an "applicant for admission," Reyes-Benitez has "only those rights regarding admission that Congress has provided by statute."  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez*, 2026 WL 114418; *Garibay-Robledo*, 814 F. Supp. 3d at 754; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

Despite this, Reyes-Benitez's claim relies instead on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 9 at 10–11. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d 712, 725. The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *Thuraissigiam*, 591 U.S. at 138–39 ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted). Critically, aliens who are released into the United States pending removal "are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139 (internal quotation marks omitted); *see* 8 U.S.C. § 1182(d)(5)(A) (noting that paroled aliens are not admitted and are "dealt with in the same

manner as that of any other applicant for admission to the United States"); 8 C.F.R. § 1.2 (same).

With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Reyes-Benitez is not entitled to release as a matter of procedural due process.[3]

**4.    Conclusion**

In short, Reyes-Benitez, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. The Fifth Amendment does not require his release in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on June 16, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[3] Reyes-Benitez also relies on a host of authorities from district courts largely within the Western District of Texas. *See* Dkt. No. 1 at 9–10. For the reasons stated in *Diaz Patino v. Villegas*, the Court finds these authorities unpersuasive. *See* 822 F. Supp. 3d 718, 724–26 (N.D. Tex. 2026).